IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YAHYI ABDUL SHIHEED,

   Plaintiff,

v.

ERNEST MASSALLA, RN, et al.,

   Defendants.

Civil Action No.: SAG-22-1950

MEMORANDUM

Self-represented Plaintiff Yahyi Abdul Shiheed, an inmate presently incarcerated at Western Correctional Institution in Cumberland, Maryland, filed this civil action against Ernest Massalla, R.N. and Corizon Medical Center.[1] ECF No. 1. Defendant Massalla, through counsel, filed a Motion to Dismiss. ECF No. 13. Shiheed was informed by the Court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that his failure to file a response in opposition to Defendant's Motion could result in dismissal of the Complaint. ECF No. 59. To date, despite requesting and receiving an extension of time to respond (ECF No. 60 and 61), Shiheed has not done so. A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons explained below, the Court will deny Defendant's Motion.

**I. Background**

Shiheed alleges that on April 10, 2022, after he was stabbed multiple times, Defendant Massalla refused to treat him stating that Shiheed "was ok and …didn't need treatment." ECF No. at 1. Shiheed states that he was in severe pain and suffered several puncture wounds and facial wounds which Defendant Massalla refused to clean or otherwise treat. *Id*. Several hours later

---

[1] The case is stayed as to Corizon due to its bankruptcy. ECF No. 25.

Shiheed showed his wounds to another nurse making rounds who immediately treated his wounds. *Id*. Shiheed states that Massalla knew of his injuries but failed to take any action. *Id*. He claims that Massalla's conduct amounted to deliberate indifference to his medical needs and negligence. *Id*.

## II.     Standard of Review

Defendant moves to dismiss, arguing that Shiheed's Complaint fails to state a claim upon which relief can be granted.  ECF No. 58.  To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).  In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).

## II. Discussion

Defendant argues that Shiheed is not entitled to "desired treatment" (ECF No. 58 at 1) and that "[n]o 1983 actions can be brought against privately employed individuals working at a prison." *Id*. at 2.

As to Defendant Massalla's claim that he cannot be held liable in a § 1983 action because he is a contracted medical provider, he is mistaken. It is well settled that a private contractor may,

in certain cases, act under color of law within the meaning of §1983. *See Conner v. Donnelly*, 42 F.3d 220, 223-24 (4th Cir. 1994). One way in which a private contractor acts under color of law is when it "exercise[s] powers that are 'traditionally the exclusive prerogative of the state.'" *Id*. at 224 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1005 (1982)); *see also Manhattan Cmty. Access Corp. v. Halleck,* 587 U.S. 802, 810 n.1 (2019) ("[T]his Court has recognized that a private entity may, under certain circumstances, be deemed a state actor when the government has outsourced one of its constitutional obligations to a private entity."). The Fourth Circuit has made clear that "the provision of medical services to prison inmates" is such a circumstance. *Conner*, 42 F.3d at 224; *see also West v. Atkins*, 487 U.S. 42, 56 (1988) (stating that a state has a "constitutional duty to provide adequate medical treatment to those in its custody"); *Ancata v. Prison Health Services,* 769 F.2d 700, 703 (11th Cir.1985) ("As physicians under contract with the state, the psychiatrists were state actors subject to liability under § 1983.") In support of his argument, Defendant Massalla relies on *Correctional Services, Inc., v. Malesko*, 534 U.S. 61 (2001). But *Malesko* involved *Bivens*[2] claims asserted against federal, not state, contractors and is therefore inapposite.

As to the sufficiency of Shiheed's denial of medical care claim, the Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see also Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016).

---

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is a judicially-created monetary remedy designed to vindicate violations of constitutional rights committed by federal actors in their individual capacity.

To state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendant, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Anderson*, 877 F.3d at 543.

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure it was available. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994); *see also Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Shiheed alleges that Defendant Massalla knew and acknowledged he had been stabbed multiple times but refused to render any medical care: medical care that was provided to Shiheed several hours later by a different nurse. The Court does not understand Shiheed to complain that a specific medical treatment was not provided but rather that no medical treatment was provided by Defendant Massalla despite the obvious need for same. Thus, the Court finds that Shiheed has stated a viable Eighth Amendment claim.

## IV.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED. A separate Order shall issue.

January 15, 2026                                         /s/
Date                                                     Stephanie A. Gallagher
                                                         United States District Judge